

MODIFY and AFFIRM; Opinion issued September 20, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-11-00668-CR
_____

**RUSSELL LAMAR MEDLOCK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-61501-R**

_____

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice O'Neill

Russell Lamar Medlock waived a jury and pleaded nolo contendere to aggravated sexual assault of a child younger than fourteen years. The trial court assessed punishment at twelve years' imprisonment and a $3,000 fine. In five points of error, appellant contends the judgment should be modified to show there was no plea agreement, the correct name of and statute for the offense charged, his plea was nolo contendere, and the correct name of the attorney representing the state. The State agrees the judgment should be modified as appellant asserts. We modify the trial court's judgment and affirm as modified. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case

is well settled.

Appellant was indicted for the offense of continuous sexual assault of a child. *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2011). However, during a pretrial hearing, the State amended the indictment to allege a single offense of aggravated sexual assault of a child under fourteen years. *See id.* § 22.021(a)(1)(B)(i). Appellant waived a jury and entered an "open plea" of nolo contendere. The written judgment recites the offense for which appellant was convicted is "sexual abuse continuous CH/14," the statute for the offense is "21.02 Penal Code," the plea to the offense is guilty, and that there was a plea bargain. Thus, the judgment is incorrect. We sustain appellant's first, second, third, and fourth points of error.

We modify the trial court's judgment to show: (1) the offense for which appellant was convicted is aggravated sexual assault of a child under fourteen years; (2) the statute for the offense is penal code section 22.021(a)(1)(B)(i); (3) the terms of plea bargain are "open;" and (4) the plea to the offense is "nolo contendere." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

The record shows the attorney representing the State during the hearing was John Warren. The judgment recites Rachel Clark represented the State. Thus, the judgment is incorrect. We sustain appellant's fifth point of error. We modify the judgment to show John Warren represented the State. *See id.*

We note that because appellant was convicted of aggravated sexual assault of a child under fourteen years, the sex offender registration requirements apply. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2011). The judgment, however, states sex offender registration requirements do not apply. Thus, the judgment is incorrect. We modify the judgment to show sex

–2–

offender registration requirements apply and that the age of the victim at the time of the offense was eleven years. *See id.*; TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28, *Asberry*, 813 S.W.2d at 529–30.

As modified, we affirm the trial court's judgment.

MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110668F.U05

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUSSELL LAMAR MEDLOCK, Appellant

No. 05-11-00668-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F09-61501-R).
Opinion delivered by Justice O'Neill, Justices FitzGerald and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Attorney for State" is modified to show "John Warren."

The section entitled "Offense for which Defendant Convicted" is modified to show "Aggravated Sexual Assault/Child Under 14."

The section entitled "Statute for Offense" is modified to show "22.021(a)(1)(B)(i) Penal Code."

The section entitled "Plea to Offense" is modified to show "Nolo Contendere."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "Sex Offender Registration" is modified to show "Sex Offender Registration Requirements apply to the Defendant" and "The age of the victim at the time of the offense was eleven years."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered September 20, 2012.

MICHAEL J. O'NEILL
JUSTICE